**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

October 27, 2014

MEMORANDUM TO COUNSEL

  Re: *Angela Flemons et al. v. JP Morgan Chase Bank, N.A.*
     Civil Action No. ELH-14-1616

Dear Counsel:

  As you know, on May 19, 2014, plaintiffs initiated suit against defendant JP Morgan Chase Bank, N.A., for alleged violations of the Real Estate Settlement Procedures Act and State common law. ECF 1. On September 17, 2014, plaintiffs asked this Court to stay the action, "pending an outcome in the Florida lawsuit against the Hoffman Law Group." ECF 3 (Motion to Stay). The Court denied plaintiffs' motion. ECF 4 (Order dated September 17, 2014). As of the date of this Order, plaintiffs have yet to provide proof of service upon defendant. *See* Fed. R. Civ. P. 4(l) (requiring proof of service).

  Fed. R. Civ. P. 4(m) requires plaintiffs to serve defendants "within 120 days after the complaint is filed." If any defendant is not served within that time, "the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id*. The purpose of this rule is to ensure that defendants will know they are being sued and will have a fair opportunity to defend against plaintiffs' claims. *E.g.*, *Henderson v. United States*, 517 U.S. 654, 671 (1996). A plaintiff's suit against a particular defendant cannot go forward until that defendant has been served. *E.g.*, 4 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1063 (3d ed. 2002). Local Rule 103.8 provides that "the Court may enter an order asking the party to show cause why the claim should not be dismissed" if a plaintiff "has not effected service of process within 120 days" of filing the complaint. The same Local Rule states that "the claim shall be dismissed without prejudice" if the plaintiff "fails to show cause within" a "time set by the Court."

  In their Motion to Stay, plaintiffs anticipated a violation of Rule 4. *See* ECF 3. There, plaintiffs stated that they are "clients of the Hoffman Law Group, P.A.". *Id*. Plaintiffs' counsel explained that his law office has appeared as "Of Counsel to The Law Office of Yariv Katz, P.C.," and that the Law Office of Yariv Katz, P.C. "has also been acting as of counsel to The Hoffman Law Group, P.A." ECF 3. Counsel further stated that there is a "stay against the Hoffman Law Group" and asserted that this stay "is the underlying reason Defendant has not yet been served in this action." *Id*. In support of this statement, plaintiffs submitted a copy of a motion for a temporary restraining order against the Hoffman Law Group, filed in July 2014 in the U.S. District Court for the Southern District of Florida by the Consumer Financial Protection Bureau and the Office of the Attorney General of Florida. ECF 3-2.

It is not clear to the Court, from counsel's explanation, how plaintiffs are clients of the Hoffman Law Group. According to the docket, plaintiffs' counsel has appeared in this case as "Wardell Huff," of "The Law Offices of Wardell Huff PLLC." Moreover, it is not clear, from the Motion to Stay (ECF 3) or the copy of the Florida motion (ECF 3-2), what effect the purported "stay against the Hoffman Law Group" might have on this case, *see* ECF 3, even if plaintiffs are in fact clients of the Hoffman Law Group.

Accordingly, within fourteen days from the docketing of this Order, plaintiffs are directed to show cause why their claims should not be dismissed under Fed. R. Civ. P. 4(m) and Local Rule 103.8.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/
Ellen Lipton Hollander
United States District Judge