IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANGELA FLEMONS ET AL.,
    *Plaintiffs*,

v.

Civil Action No. ELH-14-1616

J.P. MORGAN CHASE BANK, N.A.,
    *Defendant*.

**MEMORANDUM**

On May 19, 2014, eighteen individual plaintiffs filed suit against defendant, J.P. Morgan

Chase Bank, N.A., alleging violations of the Real Estate Settlement Procedures Act ("RESPA"),

12 U.S.C. § 2601, and common law claims for breach of contract, breach of the implied covenant

of good faith and fair dealing, promissory estoppel, fraudulent concealment, and unjust

enrichment.  Complaint, ECF 1.  Wardell Huff, Esq., of the The Law Offices of Wardell Huff

PLLC, is the sole attorney representing all eighteen plaintiffs.  *See* Docket.  As of the date of this

Memorandum, defendant has not been served with summons and the complaint.  For the reasons

that follow, I will dismiss the complaint, without prejudice, pursuant to Fed. R. Civ. P. 4(m).

On September 17, 2014, some four months after suit was filed, plaintiffs filed a "Motion

for Stay."  ECF 3.  In the motion, plaintiffs stated that they are "clients of the Hoffman Law

Group, P.A.".  *Id.*  Plaintiffs' counsel explained that his law office has appeared as "Of Counsel

to The Law Office of Yariv Katz, P.C.," and that the Law Office of Yariv Katz, P.C. "has also

been acting as of counsel to The Hoffman Law Group, P.A."  ECF 3.  Counsel further stated that

there is a "stay against the Hoffman Law Group" and asserted that this stay "is the underlying

reason Defendant has not yet been served in this action."  *Id.*  In support of this statement,

plaintiffs submitted a copy of a motion for a temporary restraining order against the Hoffman Law Group ("HLG"), filed in July 2014 in the U.S. District Court for the Southern District of Florida by the Consumer Financial Protection Bureau and the Office of the Attorney General of Florida. ECF 3-2. The motion for stay did not make clear why legal problems for HLG affected plaintiffs' ability to proceed in the instant case. On September 17, 2014, I denied the motion for stay. ECF 4.

Twenty-one days later, on October 27, 2014, I issued a memorandum to counsel asking plaintiffs to show cause why their claims should not be dismissed, under Fed. R. Civ. P. 4(m) and Local Rule 103.8, for failure to effect service of process. ECF 5 ("Show Cause Order"). I explained, ECF 5 at 2:

> It is not clear to the Court, from counsel's explanation [in the Motion to Stay], how plaintiffs are clients of the Hoffman Law Group. According to the docket, plaintiffs' counsel has appeared in this case as "Wardell Huff," of "The Law Offices of Wardell Huff PLLC." Moreover, it is not clear, from the Motion to Stay (ECF 3) or the copy of the Florida motion submitted (ECF 3-2), what effect the purported "stay against the Hoffman Law Group" might have on this case, *see* ECF 3, even if plaintiffs are in fact clients of the Hoffman Law Group.
>
> Accordingly, within fourteen days from the docketing of this Order, plaintiffs are directed to show cause why their claims should not be dismissed under Fed. R. Civ. P. 4(m) and Local Rule 103.8.

On November 11, 2014, plaintiffs responded to the Show Cause Order. *See* ECF 6 ("Response"). Regarding the Court's question as to plaintiffs' relationship with HLG, plaintiffs' counsel stated that "the clients named in this lawsuit were originally retained by HLG," but that "[t]o counsel's knowledge the only assistance [HLG and other firms] have provided to any of the Plaintiffs named in the suit is to refer them to the Law Offices of Wardell Huff, PLLC." ECF 6 at 1.

Regarding plaintiffs' earlier request for a stay and the Court's Show Cause Order, counsel added, *id.*:

> Since learning of the investigation and shutdown of HLG, counsel has been working with many of the Plaintiffs and all work has been on a pro-bono basis to facilitate their pursuit of loan modifications or other options. … Counsel is not a litigator and only accepted this case with the understanding that complete litigation support would be provided by The Law offices of Yariv Katz, P.C. and The Law Offices of Michael E. Herkowitz.  However, since the shutdown of HLG, although the aforementioned firms have provided relevant information regarding this matter, they have refused to provide litigation support to counsel. … As a result, … counsel has been reaching out to Plaintiffs to assist them in pursuit of their loan modifications and other options.  Opposing counsel for the Defendant has been cooperating with counsel to facilitate various loan modification requests and a good working relationship has developed.
>
> However, counsel did previously request that this Court stay the proceedings because in counsel's opinion, the result of the Florida lawsuit against HLG would have an impact on whether or not this present lawsuit would be pursued.  In addition, it would provide an extended period of time for any Plaintiffs that would like to hire new counsel.  However, counsel recognizes the Court's patience in this matter and that the Court may disagree and instead choose to dismiss the case.

Fed. R. Civ. P. 4(m) requires a plaintiff to serve a defendant "within 120 days after the complaint is filed."  If a defendant is not served within that time, "the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id*.  "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.  If a plaintiff "has not effected service of process within 120 days" of filing the complaint, Local Rule 103.8 provides that "the Court may enter an order asking the party to show cause why the claim should not be dismissed."  The same Local Rule states that "the claim shall be dismissed without prejudice" if the plaintiff "fails to show cause within" a "time set by the Court."

Rule 4(m) was enacted in 1993 as a successor to former Rule 4(j), which had required

that a case "shall be dismissed" if the defendant was not served within 120 days and the plaintiff "cannot show good cause why such service was not made within that period." *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 526 (D. Md. 1999).   After Rule 4(m) was enacted, the Fourth Circuit decided *Mendez v. Elliott,* 45 F.3d 75, 78 (4th Cir. 1995), in which it opined that the new Rule 4(m) represented a "renumber[ing]" of former Rule 4(j), "without a change in substance," and stated: "Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause." *Id.* at 78.   In so stating, however, the *Mendez* Court did not discuss the Advisory Committee Notes to Rule 4(m), which state that the rule "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision '*even if there is no good cause shown*.'" *Hammad,* 31 F. Supp. 2d at 527 (quoting Advisory Committee Notes) (emphasis altered).

After *Mendez,* the Supreme Court decided *Henderson v. United States,* 517 U.S. 654 (1996).   In dicta, the Supreme Court stated that, under Rule 4(m), "courts have been accorded discretion to enlarge the 120–day period 'even if there is no good cause shown.'"   *Id.* at 662 (quoting Advisory Committee Notes to Rule 4(m)); *see also id.* at 658 n. 5 ("Rule 4(m) ... permits a district court to enlarge the time for service 'even if there is no good cause shown.'").

Several decisions in the District of Maryland have observed that in this circuit it is unclear whether Rule 4(m) vests a court with discretion to grant an extension of the 120–day deadline, in the absence of good cause.   *See, e.g., Lehner v. CVS Pharmacy*, RWT–08–1170, 2010 WL 610755, at *2 (D. Md. Feb. 17, 2010); *Knott v. Atlantic Bingo Supply, Inc.*, JFM–05–1747, 2005 WL 3593743, at *1 n.1 (D. Md. Dec. 22, 2005); *Hoffman v. Baltimore Police Dep't*, 379 F. Supp. 2d 778, 786 (D. Md. 2005); *Melton v. Tyco Valves & Controls, Inc.*, 211 F.R.D.

288, 289 (D. Md. 2002); *Hammad,* 31 F. Supp. 2d at 526; *United States v. Britt,* 170 F.R.D. 8, 9 (D. Md. 1996). Some regard *Mendez* as binding circuit precedent, *see*, *e.g.*, *Britt,* 170 F.R.D. at 9, while others have concluded that "*Mendez* is no longer good law." *Hammad,* 31 F. Supp. 2d at 527; *see also Melton*, 211 F.R.D. at 289–90. Others have found it unnecessary to resolve definitively whether a finding of good cause is mandatory before an extension can be granted. *See*, *e.g.*, *Lehner*, 2010 WL 610755, at \*2; *Knott*, 2005 WL 3593743, at \*1 n.1. Nevertheless, other judges of this court have held that, even if good cause is no longer an absolute requirement under Rule 4(m), "the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule." *Hoffman,* 379 F. Supp. 2d at 786; *see also Lehner*, 2010 WL 610755, at \*3 (where plaintiff "made no effort to serve Defendant within the time allotted under Fed. R. Civ. P. 4(m)," even assuming that the Court had discretion to excuse untimely filing, the Court would "not make a mockery of the time requirements set forth in the Federal Rules of Civil Procedure").

Significantly, in *Lehner*, *Knott*, *Hoffman*, *Melton*, and *Hammad*, the courts resolved the question of timely compliance with Rule 4(m) in the context of considering a motion by a defendant, served more than 120 days after the filing of the complaint, to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). In those cases, the court had the benefit of full adversarial briefing in its consideration of the issue.

Where, as here, the plaintiffs have failed to comply with Rule 4(m)'s deadline, but the defendant has yet to appear or respond to plaintiffs' motion, I have *provisionally* granted similar motions for extension, even in the absence of a showing of good cause. *See Omega U.S. Ins., Inc. v. Pa. Nat. Mut. Cas. Ins. Co.*, ELH–11–2297, 2012 WL 115422 (D. Md. Jan. 13, 2012); *Hai*

*Xu v. FMS Fin. Solutions, LLC*, ELH–10–3196, 2011 WL 2144592 (D. Md. May 31, 2011); *Williams v. CompUSA*, ELH–10–2219, 2011 WL 2118692 (D. Md. May 27, 2011). In each case, I granted the plaintiffs' motions with the express understanding that the order was without prejudice to the defendants' rights, once they appeared, to move to vacate the extension as improvidently granted or to seek dismissal for insufficient service of process under Fed. R. Civ. P. 12(b)(5).

However, since the time that I issued the orders referenced above, the Fourth Circuit appears to have clarified its position (albeit in an unreported opinion) as to whether a district court has discretion to extend the Rule 4(m) deadline without good cause shown. In *Chen v. Mayor & City Council of Baltimore*, 546 F. App'x 187, 188 (4th Cir. Nov. 12, 2013) (per curiam), an unreported decision, the Fourth Circuit affirmed a district court's dismissal of claims for failure to effect service of process, "for the reasons stated by the district court." The district court, in *Chen v. Mayor & City Council of Baltimore*, 292 F.R.D. 288, 294 (D. Md. 2013), had held that it had no discretion under *Mendez*, *supra*, to extend the Rule 4(m) deadline, absent a showing of good cause, and found that Chen did not show good cause. *Id*. at 295.

Chen had argued that (1) he never received certain orders of the court; (2) he believed the U.S. Marshal's Office would make service on his behalf; (3) his claims would be time-barred if the complaint were dismissed; (4) he worked diligently to pursue the action; and (5) that the Clerk's office provided him with incorrect information. *Id*. at 294. The district court found that "Mr. Chen's actions [spoke] louder than his words," and that the facts showed he had not diligently pursued his claims. *Id*. at 294-95. Moreover, it found that Chen's statute of

- 6 -

limitations concerns were not relevant to the good cause showing required by Rule 4(m).  *Id*. at 295.

Notably, the Supreme Court recently granted certiorari in *Chen* on the following question: "Whether, under Federal Rule of Civil Procedure 4(m), a district court has discretion to extend the time for service of process absent a showing of good cause, as the Second, Third, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits have held, or whether the district court lacks such discretion, as the Fourth Circuit has held?"  *Chen v. Mayor & City Council of Baltimore*, No. 13-10400, 2014 WL 2532102 (Nov. 7, 2014).  Pending a decision by the Supreme Court in *Chen,* however, *Mendez* is binding upon this Court.  Accordingly, Rule 4(m)'s deadline cannot be extended in the absence of a showing of good cause.

To show "good cause" for extension of the Rule 4(m) deadline, plaintiffs must show they "made reasonable and diligent efforts to effect service prior to the 120–day limit … ."  *Quann v. White–Edgewater,* 112 F.R.D. 649, 659 (D. Md. 1986); *accord Knott*, 2005 WL 3593743, at *1. Where a plaintiff has failed to serve a defendant, this Court has found good cause lacking in a variety of circumstances, some quite compelling.  *See*, *e.g.*, *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75, 78 (D. Md. 2005) (holding that murder of *pro se* plaintiff's daughter did not constitute good cause to excuse failure to serve defendant within 120 days); *Knott*, 2005 WL 3593743, at *1–2 (holding that serious illness suffered by plaintiff's counsel, which confined him to "bed rest," did not constitute good cause for failure to serve defendant within 120 days).

I might not take the harsh view of good cause that is described above in some of the cases.  But, in this case, the showing of good cause is woefully inadequate.

Plaintiffs' basic argument is that defendant has not been served because plaintiffs'

attorney — the only attorney of record in this case — expected to receive assistance on the matter, which he is not now receiving, from attorneys not representing plaintiffs.  Response, ECF 6 at 1.  Where this Court has previously held that even counsel's serious illness cannot excuse a more than four month long failure to serve process on defendants, *see Knott*, 2005 WL 3593743, at *1–2, this Court cannot now find that an unexpected lack of litigation support constitutes good cause.  Moreover, plaintiffs' counsel is aware of the issue and has had more than 170 days to effect service of process.  In that time, there has been no known attempt to serve defendant.  Nothing shows that plaintiffs "made reasonable and diligent efforts to effect service prior to the 120–day limit …." *Quann*, 112 F.R.D. at 659.  And, plaintiffs' Response to the Show Cause Order gives no indication that plaintiffs intend to try to effect service soon.

In sum, plaintiffs have failed to serve defendant within 120 days of the filing of their complaint, as required by Fed. R. Civ. P. 4(m) and Local Rule 103.8, and they have failed to show good cause for an extension of the Rule 4(m) deadline.  Therefore, under *Mendez*, 45 F.3d at 78, plaintiffs' claims are subject to dismissal, without prejudice, for failure to timely serve process.

An Order consistent with this Memorandum follows.


Date: November 14, 2014                              _____/s/_____
                                                     Ellen L. Hollander
                                                     United States District Judge